IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WINFRED EARL WARE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-128 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Winfred Earl Ware, Jr., proceeding *pro se*, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On May 16, 2018, a federal grand jury in the Eastern District of Texas returned a fifteen-count first superseding indictment charging Movant and five co-defendants with felony offenses related to the distribution of controlled substances. On July 31, 2018, the government moved to dismiss the indictment and first superseding indictment against Movant in cause number 9:17-CR-41 after receiving a defense exhibit containing Facebook messages purportedly sent from a government witness to Movant. The government requested a dismissal without prejudice to allow time to investigate the messages. On August 1, 2018, the court granted the motion and dismissed the indictment and first superseding indictment against Movant without prejudice.

On November 14, 2018, a federal grand jury returned a three-count indictment in cause number 9:18-CR-43. Movant was charged with conspiracy to possess with intent to distribute 50

grams or more of methamphetamine (Count 1) arising from the same conduct as the previous indictment. In addition, Movant was charged with two felony offenses arising out of the fraudulent Facebook messages which were alleged to have been sent from a fake account to manufacture exculpatory evidence. In Count 2 of the indictment, Movant was charged with obstruction of the due administration of justice. In Count 3, Movant was charged with tampering with a witness by misleading conduct. Following a jury trial, Movant was found guilty of all three counts of the indictment. On November 27, 2019, Movant was sentenced to a total of 180 months of imprisonment and five years of supervised release. The judgment was affirmed on appeal.

## The Motion to Vacate

Movant contends he received ineffective assistance of counsel when the district court denied defense counsel's request for a continuance to review potential impeachment evidence. Movant also contends defense counsel provided ineffective assistance by failing to renew his motion for acquittal after the government presented rebuttal testimony.

## Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights, and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Analysis

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively

unreasonable in light of the facts of Movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; Movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

*Denial of Continuance*

Movant contends that the denial of a continuance caused defense counsel to provide ineffective assistance of counsel because he had insufficient time to review discovery. As a result, Movant contends that impeachment evidence was not discovered until the case was on appeal. The evidence disclosed several days before the trial commenced consisted of video recordings of the government's confidential informant, Lyndell Talley, making controlled purchases in four unrelated cases; offense reports and attachments with respect to those four purchases; and criminal history reports with the available underlying documentation of the government's civilian witnesses. The evidence was disclosed several days before trial after a prosecutor handling a different federal case reviewed a video which showed Talley removing methamphetamine from a baggy after a controlled purchase and before he gave the baggy to his handler. That video was disclosed to defense counsel along with three other videos showing potentially suspicious activity by Talley during other

4

controlled purchases. During trial, the government also disclosed cooperator agreements and the total payments made by the government to Talley for his work as a confidential informant.

On direct appeal, Movant argued that the denial of a continuance violated his right to due process under the Fourteenth Amendment to the United States Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963). The United States Court of Appeals for the Fifth Circuit found that the district court did not abuse its discretion by denying Movant's motion for a continuance when the government disclosed potential impeachment evidence concerning government witnesses days before trial. In addition, the Fifth Circuit found that Movant was not prejudiced by the delayed discovery because defense counsel used the impeachment evidence at trial. *United States v. Ware*, 2022 WL 135818, at *1-2 (5th Cir. Jan. 13, 2022). Because the due process and *Brady* claims were rejected on direct appeal, they cannot be raised again in a § 2255 motion. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Instead of raising the same arguments in this proceeding, Movant has recast the issue as an ineffective assistance of counsel claim, which is cognizable in a § 2255 motion.

In his § 2255 motion, Movant does not allege any prejudice arising from the timing of the disclosure of evidence related to Talley. Instead, Movant claims that his defense was harmed because a video labeled "Government Witness Statement of Tamar Tucker" was "camouflaged within the voluminous, last-minute, discovery dump by the prosecution." (ECF #2 at 16.) Tucker was a co-defendant who agreed to cooperate with the government. The record reflects that defense counsel was made aware of the existence of the Tucker's videotaped statements weeks in advance of trial and was offered the opportunity to review them. During that same time frame, defense counsel was also provided with a redacted copy of the written reports summarizing the contents of

5

those recorded statements. (ECF #7-3 at 78.) The weekend prior to trial, the government provided defense counsel with his own copy of Tucker's recorded statements and unredacted copies of the offense reports, along with the other disclosures made regarding Talley and the criminal histories of government witnesses. (ECF #7-3 at 78-79.)

Because the contents of Tucker's statements were available to defense counsel weeks before the trial commenced, Movant has not demonstrated that the denial of a continuance resulted in ineffective assistance by causing counsel to be unprepared to cross-examine Tucker. In fact, the record reflects that defense counsel extensively cross-examined Tucker with information gleaned from Tucker's statements to law enforcement and also attacked his credibility as a witness with other evidence. Defense counsel impeached Tucker's credibility with evidence of his prior convictions. (ECF #7-4 at 76-77.) Defense counsel cross-examined Tucker about his motivation for cooperating with the government and the possibility of obtaining a reduction in his sentence. (ECF #7-4 at 79-82.) After Tucker denied being told by his lawyer or government officials that he might receive a reduction in his sentence for testifying for the government, defense counsel impeached Tucker with his plea agreement which states that was in the sole discretion of the government to file a motion for a downward departure if they determine that Tucker provided substantial assistance. (ECF #7-4 at 82-85.) When Tucker denied contacting the government to ask how he could help himself with his criminal charges, defense counsel impeached Tucker with a letter he wrote to an Assistant United States Attorney about cooperating with the government. (ECF #7-4 at 86-88.) Defense counsel cross-examined Tucker about the prior statements he made during the recorded interviews about individuals other than Movant who supplied him with methamphetamine, and other deals that Tucker

made with Talley that were not recorded and did not involve Movant. (ECF #7-4 at 94-100, 115-118.)

Movant has not shown that defense counsel performed deficiently during cross-examination or that his cross-examination was negatively affected by the disclosure of the recorded statements and unredacted reports the weekend before trial. Nor has Movant shown that additional cross-examination of Tucker would have altered the outcome of the trial. Therefore, this claim lacks merit.

*Insufficient Evidence*

Movant contends that defense counsel provided ineffective assistance by failing to renew his motion for acquittal after the government presented rebuttal evidence. Movant contends that the evidence was insufficient to support convictions on the conspiracy and tampering with a witness counts, and that those counts would have been vacated if defense counsel had renewed his motion for acquittal.

At the close of the government's case in chief, defense counsel moved for acquittal, and the district court denied the motion. On direct appeal, Movant was initially represented by counsel, who filed a brief raising five issues. Movant was subsequently granted leave to proceed *pro se* on appeal and to file a *pro se* brief. Movant's *pro se* brief raised seven additional claims, including a claim that there was insufficient evidence to support his conspiracy conviction. The Fifth Circuit reviewed this claim on the merits and concluded that "the record amply supports the jury verdict." *Ware*, 2022 WL 135818, at *3. Because the Fifth Circuit found the evidence was sufficient to support the conspiracy conviction, Movant cannot show he was prejudiced by counsel's failure to renew the motion for acquittal with respect to that conviction.

Assuming defense counsel performed deficiently by failing to renew the motion for acquittal with respect to the tampering with a witness conviction, Movant has not demonstrated that he was prejudiced by counsel's performance. At the conclusion of the government's case-in-chief, the district court denied Movant's motion for judgment of acquittal with respect to each count of the indictment. There is no reason to believe that the district court would have granted the motion for acquittal on the tampering with a witness count if the motion was renewed. Further, counsel's failure to renew the motion did not prevent appellate review. *See United States v. Willis*, 38 F.3d 170, 178 (5th Cir. 1994). A motion for acquittal is a challenge to the sufficiency of the evidence. *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007). On direct appeal, the Fifth Circuit considered the merits of Movant's claim of insufficient evidence regarding the conspiracy conviction, but Movant failed to appeal the sufficiency of evidence with respect to the tampering with evidence conviction. Because Movant has not shown he was prejudiced by counsel's failure to renew the motion for acquittal, his claim of ineffective assistance of counsel should be denied.

<u>Recommendation</u>

This Motion to Vacate, Set Aside or Correct Sentence should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 19th day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge